IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORLANDO RILEY, ) | |
| B53026, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-1656-RJD |
| vs. ) | |
| ) | |
| LATOYA HUGHES, ) | |
| CHAD JENNINGS, ) | |
| MS. REDMAN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Orlando Riley, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Robinson Correctional Center (Robinson), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have caused him to be held beyond his proper release date, despite having received a state court document that accurately reflects his sentence computation.

Plaintiff's Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges he was arrested on October 15, 2020, and on February 19, 2020[2], he was sentenced to a term of 7.5 years to run concurrent with a year, and to be followed by three years of mandatory supervised release. (Doc. 1 at 6). Applying day-for-day credit, he calculated that he would need to serve four years and three months incarcerated, to be followed by at least a year and a half of supervised release. He claims that he has served his four years and three months, but when his release date arrived he was "violated at the gate" because he did not have a suitable host site. He was then placed at Robinson. He claims that amidst this transition, he learned that his release date had been miscalculated and did not properly account for pretrial confinement and program credit for a jail program he completed. He raised the issue with IDOC and was informed that IDOC would not honor jail programming credit.

Plaintiff then turned to his sentencing court where on April 2, 2024, his motion to correct his mittimus was granted. (Doc. 1 at 6). The mittimus originally reflected credit for 493 days in pretrial custody and 151 days for programming at the county jail, but the new mittimus unequivocally granted him 644 days of pretrial custody. (Doc. 1 at 6). About two weeks after the mittimus issued, Plaintiff asked his counselor if he would be getting a new calculation sheet. His counselor called Defendant Ms. Redman in his presence and relayed to him that Ms. Redman indicated she saw the new mittimus but would not alter his release date because she did not agree he should be able to get credit for the county jail program reflected in the mittimus. She indicated if he did not like that, he should file a lawsuit.

---

[2] The Court assumes that perhaps he means he was sentenced on February 19, 2021, though the actual date does not make a difference for the outcome of this Order.

Plaintiff alleges that he also spoke to Defendant Chad Jennings (the Warden) around May 30, 2024. Jennings acknowledged awareness of Plaintiff's situation and indicated nothing would be done because credit would not be given for the county jail programming. Plaintiff countered that he had a new mittimus, and Jennings promised to investigate it, but nothing further transpired. (Doc. 1 at 7).

Plaintiff alleges that his family has also contacted numerous IDOC officials, including IDOC Director Latoya Hughes. (Doc. 1 at 7). He claims Jennings and Redman are personally responsible for his excessive incarceration in violation of the Fourteenth Amendment, and Hughes has failed to investigate or correct the situation.

Based on the allegations in the Complaint, the Court will designate the following claim:

**Claim 1:** **Eighth Amendment claim against Defendants Ms. Redman, Chad Jennings, and Latoya Hughes for allegedly refusing to correct Plaintiff's sentence computation and release date to accurately reflect his updated mittimus;**

**Claim 2:** **Fourteenth Amendment claim against Defendants Ms. Redman, Chad Jennings, and Latoya Hughes for allegedly refusing to correct Plaintiff's sentence computation and release date to accurately reflect his updated mittimus.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

ANALYSIS

Although an inmate cannot use a § 1983 action as a vehicle to challenge the length or validity of their sentence, *Heck v. Humphrey*, 512 U.S. 477 (1994), courts have reasoned that an individual may raise a § 1983 challenge that does not seek to undermine a valid conviction and sentence. *See e.g. Peterson v. James*, 2021 WL 2554458 (S.D. Ill. June 22, 2021) (finding that a former inmate could pursue Eighth and Fourteenth Amendment claims where he did not contest the validity of his conviction or sentence, and instead merely claimed prison staff held him beyond his release date in contravention of his proper sentence). In this Circuit, "incarceration after the time specified in a sentence has expired violates the Eighth Amendment if it is the product of deliberate indifference." *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *see also, Turner v. Godinez*, 693 Fed.Appx. 449, 454 (7th Cir. 2017); *Werner v. Wall*, 836 F.3d 751 (7th Cir. 2016) (collecting cases); *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016); *Armato v. Grounds*, 766 F.3d 713 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Further, the prolongment of a sentence raises Fourteenth Amendment due process concerns. *Werner*, 836 F.3d at 761; *Armato*, 766 F.3d at 721-22; *see also Brzowski v. Baldwin*, 2018 WL 4917084, at *2 (N.D. Ill. Oct. 9, 2018) ("It is difficult to imagine a more fundamental deprivation of liberty" than denying Plaintiff release after he had served his full sentence).

The line between what can appropriately be presented in a § 1983 complaint, versus what must be sought in a habeas petition is sometimes unclear. "Habeas is the exclusive remedy…for the prisoner who seeks 'immediate or speedier release' from confinement. Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (internal citations omitted). For example, in *Skinner*, the Supreme Court held that an inmate could use a § 1983 due process claim to seek DNA

evidence, because the mere receipt of the sought evidence would not guarantee the inmate's release. And in *Wolff v. McDonnell,* 418 U.S. 539 555 (1974), the Supreme Court held that inmate could use § 1983 to obtain a declaration that disciplinary procedures were invalid, or to enjoin the prospective future use of invalid prison regulations, because neither victory would mean a shorter sentence or earlier release. In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court held that two inmates could use § 1983 to challenge the validity of state procedures to determine parole eligibility because the inmates did not seek an injunction for immediate release and a victory in their favor at most would mean eligibility for a new parole review in the future.

By contrast, in *Preiser v. Rodriguez*, 411 U.S. at 475, 486 (1973), the Supreme Court found that inmates could not use § 1983 to challenge the constitutionality of prison disciplinary procedures that led to the loss of good-time credits, because the restoration of credits would shorten the duration of their sentence. In *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* the Supreme Court found that an inmate could not use § 1983 to challenge the validity of the investigation and evidence underlying his conviction because such findings would invalidate the conviction entirely. And in *Edwards v. Balisok*, 520 U.S. 641 643 (1997), the Supreme Court found that an inmate could not use § 1983 to seek a declaration on money damages on the theory that the procedures state officials used to deprive him of good-time credit violated due process because that would mean good-time credit would be restored. However, the *Edwards* Court noted that § 1983 could be used solely for an injunction barring the future use of the unconstitutional procedures because that would not imply the invalidity of the previously lost good time credits. Additionally, in *Easterling v. Siarnicki*, 435 Fed. App'x 524 (7th Cir. 2011), the Seventh Circuit found that an inmate could not use § 1983 to challenge the due process he was afforded when he was immediately violated on extended supervision before ever leaving the prison system, because a

finding in his favor would necessarily imply the invalidity of his revocation of supervised release and would result in immediate release.

In the present case, Plaintiff seeks only monetary relief, but his allegations are consistent with the latter group of cases where § 1983 relief is not immediately available. Plaintiff is still incarcerated, and a finding that the defendants are incorrectly calculating his sentence credit for release purposes, if successful, would necessarily imply an earlier or immediate release. Plaintiff's situation is a close call because he is not directly challenging the validity of his sentence or conviction, but like an inmate challenging the loss of good time credit, his specific challenge would mean earlier or immediate release. *See e.g., Williams v. Jeffreson,* 2022 WL 523726 at *1 (S.D. Ill. Feb. 22, 2022) (finding that an inmate could not use a § 1983 action to challenge the IDOC's incorrect data entry about his sentence because his challenge could lead to earlier release); *Chambers v. Raines*, 2016 WL 3620707 at * 1 (C.D. Ill. June 29, 2016) (finding that a current inmate whose parole had been revoked could not use a § 1983 action for monetary damages to challenge the validity of parole revocation evidence, because that would necessarily imply the invalidity of the revocation). Thus, regardless of the relief sought, as long as Plaintiff is still incarcerated[3], his sole avenue to relief is via habeas corpus. He does not indicate he has taken any steps to pursue the issue in state court, other than securing a corrected mittimus, so he could not yet initiate a federal habeas action related to the allegations in this case.

Although the Court normally gives a pro se plaintiff an opportunity to prepare an amended complaint before dismissing the case, the Court may deny leave to amend where an amendment

---

[3] Once Plaintiff is released and his sentence is discharged, there is a possibility he could pursue Eighth or Fourteenth Amendment claims related to prolonged incarceration. *See e.g., Peterson v. James*, 2021 WL 2554458 (S.D. Ill. June 22, 2021) (finding that a former inmate could pursue Eighth and Fourteenth Amendment claims where he did not contest the validity of his conviction or sentence, and instead merely claimed prison staff held him beyond his release date in contravention of his proper sentence).

would be futile. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a district court may deny leave to amend where an amendment would be futile). At present, there is no valid claim that Plaintiff could plead in this § 1983 lawsuit related to the facts he has described, so any amendment would be futile. Therefore, no leave to amend will be granted.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors—whether Plaintiff has made reasonable attempts to recruit his own counsel; and whether he is competent to represent his own interests. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff does not say anything about his own effort to recruit counsel. (Doc. 3 at 1). Plaintiff indicated that he is a college graduate but is not trained in the law. Given that the Court found there is no § 1983 claim that could be properly brought at this time, it is not necessary to appoint counsel in this matter because the appointment of counsel could not change the outcome.

### DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for the reasons stated above. No leave to amend is granted. This dismissal does not preclude Plaintiff from bringing a state or federal claim in a newly filed action. Plaintiff's Motion for Counsel (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.

*See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *see also Ward v. Akpore*, 702 F. App'x 467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and to assess a "strike" because claim was *Heck*-barred).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 27, 2024

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**